**SO ORDERED.**

**SIGNED this 15 day of September, 2006.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| HEAD GRADING CO., INC. | 05-02729-8-RDD |
| DEBTOR | |

| | |
|---|---|
| STEPHEN L. BEAMAN, TRUSTEE | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | D-05-00316–8-AP |
| RUBY LEE HEAD | |
| Defendant | |

**MEMORANDUM OPINION AND ORDER**
**ALLOWING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

A complaint was filed in this adversary proceeding by Stephen L. Beaman, chapter 7 trustee for Head Grading Co., Inc, to avoid a lien held by the defendant, Ruby Lee Head. The matter before the court is the trustee's motion for summary judgment. A hearing was held in Wilson, North Carolina on September 7, 2006.

Head Grading Co., Inc. filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 5, 2005. Mr. Beaman was appointed to administer the estate as trustee, pursuant to 11 U.S.C. § 704. As trustee, Mr. Beaman has authority to seek avoidance of a lien in property held by the debtor pursuant to 11 U.S.C. § 544(a).

This court has jurisdiction over the parties and subject matter of these proceedings pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which this court may hear and determine.

The parties stipulated to the following facts. The dispute between the parties arises from the granting of a deed of trust from the debtor to Mrs. Ruby Lee Head, dated July 28, 1998, in the amount of $180,515.75. This deed of trust would create a lien on an approximately 33 acre tract of land in Wayne County, North Carolina. The language in the deed of trust provides that the deed of trust was given as security for a "Promissory Note of even date herewith." The actual note presented and held by Mrs. Head, which refers to the two parties to the deed of trust and to the amount referenced in the deed of trust, is dated July 29, 1998. There is no note dated July 28, 1998 in existence. The deed of trust dated July 28, 1998 did not make reference to future advances.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. United

2

States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962). Because there is no genuine issue of material fact in this matter, and the issue to be decided is a matter of law, a ruling on the motion for summary judgment is appropriate in this matter.

North Carolina law requires deeds of trust to specifically identify the debt referenced therein. In In re Foreclosure of Deed of Trust of Enderle, 110 N.C. App. 773, 431 S.E.2d 549 (1993), the deed of trust referenced security of a debt owed by the grantor of the deed of trust. In fact, the debt was owed by a party other than the grantor. The court, quoting Walston v. Twiford, 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958), held that "because the deed of trust did not properly 'identify the obligation secured,' it is invalid." Enderle, 110 N.C. App. at 775, 431 S.E.2d at 550. In Putnam v. Ferguson, 130 N.C. App. 95, 502 S.E.2d 386 (1998), the court again relied upon the rule of law stated in Walston and Enderle in finding that a deed of trust given by a grantor that does not specifically reference the obligor of the debt secured was invalid, where the obligor and grantor were different parties.

In Seventeen South Garment Company, Inc. v. Centura Bank, 145 B.R. 511 (E.D.N.C. 1992), the district court affirmed the order of the bankruptcy court avoiding a lien pursuant to 11 U.S.C. § 544(a). The court found that the use of a trade name, rather than the corporate name, in a financing statement was not sufficient to properly perfect the security interest therein described. "Clarity and certainty in lien perfection requirements are lost if equitable exceptions are created which permit trade names when the 'equities' so dictate." Seventeen South Garment Co., Inc., 145 B.R. at 515 (citing Pearson v. Salina Coffee House, Inc., 831 F.2d 1531, 1536 (10th Cir. 1987).

In Enderle and Putnam, the deed of trust referenced the wrong obligor of the debt owed. In this case, there is no issue regarding the parties involved with respect to the debt owed and the security given.

3

However, there is an issue regarding the date stated in the deed of trust and the date on the note produced. The deed of trust dated July 28, 1998, refers to an instrument "of even date herewith." The note held by Mrs. Head is dated July 29, 1998. While it is likely that the deed of trust was meant to identify the note dated July 29, 1998, it did not properly and specifically identify the obligation secured. As noted in Seventeen South Garment Co., Inc., the "clarity and certainty in lien perfection requirements" would be lost if the court were to allow exceptions to the general rule created by the North Carolina courts regarding the specificity with which the obligation secured by a deed of trust must be identified. Pursuant to 11 U.S.C. § 544, the lien of Ruby Lee Head under the deed of trust is unenforceable against the trustee, as a hypothetical lien creditor who obtains a perfected lien against the property on the date the petition was filed, and should be avoided on the grounds that the lien was not properly perfected prior to the bankruptcy petition filing. Accordingly, Mr. Beaman's motion for summary judgment is **ALLOWED**. A separate judgment shall be entered consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

**END OF DOCUMENT**